**Ralph J. DELLACAVA, Plaintiff,**

v.

**PAINTERS PENSION FUND OF WESTCHESTER AND PUTNAM COUNTIES, Defendant.**

**No. 86 Civ. 6211.**

United States District Court, S.D. New York.

July 24, 1987.

Donald Sapir, Silverman and Sapir, White Plains, N.Y., for plaintiff.

Damien Mysak, Levin and Weissman, New York City, for defendant.

### MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

Plaintiff is suing the Painters Pension Fund of Westchester and Putnam Counties (the Fund), pursuant to the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B), and the Labor Management Relations Act (LMRA), 29

U.S.C. § 186(c)(5). Plaintiff alleges that, as a result of an arbitrary and capricious decision by the Fund's Trustees, he was granted a pension in an amount less than he is entitled to receive under the Pension Plan maintained by the Fund. The Fund has moved for summary judgment or, in the alternative, to strike plaintiff's demand for a jury trial. Because the Fund is entitled to judgment as a matter of law and dismissal of the complaint, the Court need not address the jury trial issue.

Plaintiff, a member of a constituent local of the Painters District Council No. 20 of Westchester and Putnam Counties, opted for early retirement in 1984. He thereafter submitted a request for pension benefits to the Trustees of the Fund who determined that, under the terms of the Pension Plan, plaintiff had sustained a break in service during the period 1967 to 1971 inclusive. According to the Pension Plan's "Break in Credited Service" rule, a participant forfeits all past credited service under the plan if he sustains "interruption of the Covered Employment," defined as "fail[ing] in each year of a period of any three (3) consecutive plan years to be credited with at least 35 days of Credited Service." "Covered Employment" is further defined under the plan as employment for which the employer makes the required contributions to the Pension Fund.

According to the Fund's records, plaintiff worked in covered employment 15 days in 1967, 2 days in 1968, 33 days in 1969, 18 days in 1970, and 1 day in 1971. The Trustees found that under the break in service rule an interruption in covered employment occurred and plaintiff forfeited his credited service and corresponding pension benefits that had accumulated in the years prior to 1967. In accordance with the Fund's plan, the Trustees awarded plaintiff pension benefits based on his credited service from 1972 through 1984.

■ It is well settled that a break in service rule regarding pension fund eligibility requirements by itself is not arbitrary and capricious. *Valle v. Joint Plumbing Industry Board,* 623 F.2d 196, 203 (2d Cir. 1980). Our Court of Appeals has recog-

nized that trustees of pension funds are entitled to wide latitude to establish requirements necessary to preserve trust fund assets in order that the purposes of the pension fund may be properly fulfilled. *Agro v. Joint Plumbing Industry Board,* 623 F.2d 207, 210 (2d Cir.1980). Thus, it is not disputed that the break in service provision concerned here is a facially reasonable and valid means of promoting and rewarding continuity of contributions to the Fund and maintaining the actuarial soundness of the Fund. At issue is whether the Trustees acted reasonably in their application of the break in service provision to plaintiff.

■ The Court must sustain the Trustees' interpretation and application of the break in service rule to plaintiff unless plaintiff proves that they have acted in an arbitrary and capricious manner. *Haeberle v. Board of Trustees of Buffalo Carpenters Health-Care, Dental, Pension and Supplemental Funds,* 624 F.2d 1132, 1136 n. 6 (2d Cir.1980); *Valle,* 623 F.2d at 203. The Trustees' decision need not be the best one, or the one the Court would have made, or even a correct one. The Trustees' decision cannot be overturned unless it lacks any rational basis, *Riley v. MEBA Pension Trust,* 570 F.2d 406, 410 (2d Cir.1977), even in the face of an equally rational finding suggested by an applicant. *Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Pension Benefit Plan,* 698 F.2d 593, 601 (2d Cir.), *cert. denied,* 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983).

■ The Court is also mindful that the Trustees of the Fund are fiduciaries, legally obligated to guard fund assets from improper claims. *Cf. Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 142–43, 105 S.Ct. 3085, 3090–91, 87 L.Ed.2d 96 (1985).

The critical year for the determination of plaintiff's pension eligibility is 1969. The only finding plaintiff disputes is the Trustees' calculation that he worked 33 days in covered employment in 1969. Plaintiff claims that he should be credited with 37 days, or at least 35 days. A finding of 35 days credited service in 1969 would inter-

rupt the three consecutive years required to effectuate a break in service and would entitle plaintiff to pension benefits earned prior to 1967.

The Trustees calculated plaintiff's credited service in part from weekly, yearly and permanent employee work cards maintained by the Fund. The procedure followed during the period relevant to this action required Fund personnel at the end of each year to mark the total days of credited service on each employee's yearly work card and then transfer that figure to the employee's permanent work card. Both the 1969 yearly work card and the permanent work card for plaintiff contain contemporaneous notations that his employers paid contributions to the Fund for 33 days in 1969 and that he was credited with that amount of service towards his pension benefits.

Plaintiff argues that his 1969 yearly work card shows that he actually worked 37 days that year, although plaintiff concedes that contributions were not paid to the Fund for that many days. In arriving at this number, plaintiff relies on complicated arithmetic and makes debatable assumptions about the significance of some numbers scrawled in the margins of the 1969 yearly work card. Plaintiff does not explain how, even if he did actually work 37 days, he can satisfy the Pension Plan's requirement that work performed be "covered employment," defined as employment for which contributions were paid to the Fund.

In sum, according to the Pension Plan, the Trustees were not required to credit plaintiff with more than 33 days covered employment for 1969 and were justified in assessing a break in credited service. As a matter of law, the Trustees have demonstrated a rational, good faith basis for their findings with respect to plaintiff's pension eligibility. That plaintiff might produce evidence to support alternative, and arguably equally rational, findings does not empower this Court to overturn the Trustees' decision. In the absence of a showing that the Trustees' decision was arbitrary and capricious, their decision must stand.

The Court grants the Fund's motion for summary judgment and dismissal of the complaint. The Clerk shall enter judgment.

So Ordered.